UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BONNIE DARLING,
Plaintiff,

-v-

L'OREAL USA INC., *et al.*,
Defendants.

26-CV-1627 (JPO)

MEMORANDUM AND ORDER

J. PAUL OETKEN, District Judge:

Before the Court is Plaintiff Bonnie Darling's motion for costs and expenses incurred as a result of the removal of this case to this Court. (ECF No. 3.) For the reasons that follow, Darling's motion for costs and expenses is denied.

## I. Background

On February 26, 2026, Darling brought an action in the Supreme Court of the State of New York, New York County, against Defendants L'Oreal USA, Inc.; L'Oreal USA Products, Inc.; Goldwell; KAO USA Inc.; Wella Professionals; Wella Operations US, LLC; Clairol; Bristol Myers Squibb; Coty, Inc.; Procter & Gamble Hair Care, LLC; Kohlberg Kravis Robert & Co.; Goldwell New York; Cosmoprof Services USA, LLC; and Sally Beauty Holdings Inc. (collectively, "Defendants"), asserting state law claims for failure to warn, design defects, fraud, fraudulent concealment, and violations of the New York consumer protection statute, N.Y. Gen. Bus. Law §§ 349-50. (*See generally* ECF No. 1-1.)

The next day, on February 27, 2026, Defendant Coty, Inc. ("Coty") filed a notice of removal based on diversity jurisdiction. (ECF No. 1.) Darling is a citizen of Pennsylvania (*see* ECF No. 1-1 ¶ 1), and, at least from the face of the complaint, it is not apparent that any

Defendant is a citizen of Pennsylvania.[1] Coty further contended that there was a reasonable probability that the amount in controversy exceeded $75,000. (ECF No. 1 ¶ 37.)

However, Coty and other Defendants are citizens of New York, such that the forum defendant rule would typically prohibit removal to federal court. *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). But "Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action." *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019). At the time that Coty filed its notice of removal, Coty believed that no Defendant had been properly joined and served. (ECF No. 1 ¶ 41; *see also* ECF No. 5-1 at 5.) Thus, Coty believed it properly snap-removed because it "removed . . . to federal court after the suit was filed in state court but *before* any [forum] Defendant was served." *Gibbons*, 919 F.3d at 705.

The next business day, on March 2, 2026, counsel for Coty emailed counsel for Darling, apprising them that counsel for Coty learned "that another/different forum defendant was served a few hours prior" to Coty's notice of removal, thereby rendering Coty's snap removal

[1] As the Court noted in its March 3, 2026 order, for purposes of diversity jurisdiction, a limited liability company takes the citizenship of its members. (ECF No. 2 at 1.) *See also Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). The complaint does not specify the citizenship of the individual members of each LLC defendant, nor does the complaint specify the state of incorporation and principal place of business for each corporate defendant. (*See generally* ECF No. 1-1.) Because Coty's notice of removal does not supplement relevant facts pertaining to the parties' citizenship beyond those contained in the complaint (*see generally* ECF No. 1), the Court could not then—and cannot now—determine the citizenship of each LLC defendant and each corporate defendant.

improvident. (ECF No. 5-1 at 5.) In light of that newfound information, counsel for Coty prepared and attached a "draft stipulation remanding this action." (*Id.*)

But before the parties could finalize and file a stipulation of remand, the Court issued a *sua sponte* order remanding this action to state court for a separate defect: Coty's notice of removal "fail[ed] to include all information required by Local Civil Rule 81.1 to establish that this Court has subject matter jurisdiction under 28 U.S.C. § 1332." (ECF No. 2 at 1.) Namely, Coty's notice of removal failed to identify the citizenship of each member of every LLC defendant, as well as the principal place of business and state of incorporation of every corporate defendant. (*Id.*)

Darling now seeks $9,828.20 in "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). (ECF No. 3-1 ¶ 11.)

**II. Legal Standard**

Section 1447(c) provides that district courts "*may* require payment of just costs." *Id.* (emphasis added). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) *only* where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (emphasis added). "[W]hen an objectively reasonable basis exists, fees should be denied." *Id.*; *see also Williams v. Int'l Gun-A-Rama*, 416 Fed. App'x 97, 99 (2d Cir. 2011) (summary order) ("[I]f clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees." (quoting *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007))).

Even when the movant for fees shows that the removing party lacked an objectively reasonable basis for seeking removal, § 1447(c) "affords a great deal of discretion and flexibility to the district courts in fashioning awards of costs and fees." *Morgan Guar. Tr. Co. of N.Y. v. Republic of Palau*, 971 F.2d 917, 924 (2d Cir. 1992); *see also United Mut. Houses, L.P. v.*

*Andujar*, 230 F. Supp. 2d 349, 354 (S.D.N.Y. 2002) ("As the language [of § 1447(c)] itself indicates, the statute leaves the decision to award such costs to the Court's discretion, and courts frequently decline to do so."). Courts "apply a test of 'overall fairness given the nature of the case, the circumstances of the remand, and the effect on the parties.'" *Frontier Ins. Co. v. MTN Owner Tr.*, 111 F. Supp. 2d 376, 381 (S.D.N.Y. 2000) (quoting *Morgan Guar.*, 971 F.2d at 924).

**III. Discussion**

Here, the Court need not delve into whether Coty's removal was made with "an objectively reasonable basis for seeking removal," *Martin*, 546 U.S. at 141, because even if Coty lacked a reasonable basis for removal, the Court concludes that "overall fairness given the nature of the case, the circumstances of the remand, and the effect on the parties," *Frontier*, 111 F. Supp. 2d at 381, would render an award of costs and expenses to Darling unwarranted.

At the outset, Coty's conduct in seeking removal was reasonable. Darling disagrees, claiming that "Coty hastily removed this case" because "Coty could have taken more time and verified the citizenship of each LLC member." (ECF No. 6 at 1-2.) In so arguing, Darling disregards the time pressure placed on Coty by the snap-removal doctrine. Indeed, Coty was already too slow, since "another/different forum defendant was served a few hours prior" to Coty filings its notice of removal. (ECF No. 5-1 at 5.) "The court appreciates that removal under the [snap removal] doctrine is a complicated and somewhat murky issue," particularly due to the import of removing before joinder and service of any in-state defendant. *Bellido-Sullivan v. Am. Intern. Group, Inc.*, 123 F. Supp. 2d 161, 169 (S.D.N.Y. 2000).

Once Coty realized that it had not managed to file its notice of removal prior to joinder and service of any forum defendant, Coty prepared a stipulation of remand to state court. (ECF No. 5-1 at 5.) This courtesy distinguishes the cases cited by Darling, in which the removing defendants "withheld [their] consent to remand despite knowledge of facts that . . . render

removal clearly improper." *Acceleprise Accelerator Fund III, L.P. v. Alethea Tech PTE Ltd*, No. 25-CV-2066, 2025 WL 3124311, *3 (S.D.N.Y. Nov. 7, 2025); *see also Mosher v. Davita Healthcare Partners Inc.*, No. 15-CV-7594, 2016 WL 2997509, at *4 (S.D.N.Y. May 23, 2016) (same). Conversely, where, as here, defendants "admit[] their error and voluntarily offer[] to stipulate to remand," courts construe such conduct as "evidencing a good faith effort to resolve the issue without further burdening the Court" and deny fees under § 1447(c). *Mil-Spec Indus. v. Expansion Indus., LLC*, No. 15-CV-5108, 2016 WL 1441801, at *3 (E.D.N.Y. Apr. 11, 2016).

Moreover, while the Court appreciates that Darling has endured a delay and some resulting cost because of Coty's removal and remand, that marginal prejudice does not justify an award of fees. For one, the delay was brief. Coty filed its notice of removal on Friday, February 27, and the Court issued the order remanding the case on Tuesday, March 3. (ECF Nos. 1-2.) Further, Darling filed no motion for remand or any kind of opposition to Coty's notice of removal; the Court remanded *sua sponte*. (ECF No. 2.) The Court declines to exercise its discretion to award fees to Darling under § 1447(c) for a four-day delay unaccompanied by any filing before this Court.

## IV. Conclusion

For the foregoing reasons, Darling's motion for costs and expenses is DENIED.

The Clerk of Court is directed to close the motion at ECF No. 3.

SO ORDERED.

Dated: August 4, 2026
New York, New York

J. PAUL OETKEN
United States District Judge